UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RACHEL J. WRIGHT, | |
| Plaintiff, | |
| v. | C15-1365 TSZ |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ORDER |
| Defendant. | |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, Chief United States Magistrate Judge, docket no. 23, recommending that the denial of plaintiff's applications for Childhood Disability Benefits ("CDB") and Supplemental Security Income ("SSI") be affirmed. Having reviewed plaintiff's objections to the R&R, docket no. 24, as well as the response of Acting Commissioner of Social Security Carolyn W. Colvin (the "Commissioner"), docket no. 25, the Court enters the following order.

**Discussion**

In seeking judicial review and reversal of the Commissioner's decision, plaintiff argues that: (i) the incompleteness of the administrative record requires a remand; (ii) Administrative Law Judge ("ALJ") Ilene Sloan abused her discretion in refusing to recuse herself; (iii) ALJ Sloan erred in discounting the opinions of Robert Fink, M.D., a treating psychiatrist, and Patricia Kraft, Ph.D., a non-examining consultant for the

ORDER - 1

Division of Disability Determination Services, a state agency that, pursuant to federal regulations, determines eligibility for social security benefits; (iv) ALJ Sloan's assessment of plaintiff's residual functional capacity ("RFC") is not supported by substantial evidence; (v) ALJ Sloan improperly failed to consider plaintiff's receipt of disability-based benefits from Washington's Department of Social and Health Services ("DSHS"); and (vi) ALJ Sloan erred in failing to include post-traumatic stress disorder ("PTSD") as a severe impairment.  In her objections to the R&R, plaintiff has not challenged Magistrate Judge Donohue's analysis with respect to the weight ALJ Sloan gave to the opinions of Drs. Fink and Kraft, ALJ Sloan's determination of plaintiff's RFC, or ALJ Sloan's omission of PTSD in enumerating plaintiff's severe impairments. Thus, as to plaintiff's third, fourth, and sixth assignments of error (labeled C, D, E, and G in her opening brief, docket no. 10), the Court ADOPTS the R&R, and concludes that ALJ Sloan did not err.

Plaintiff's objections to the R&R concern only whether the administrative record is complete, whether ALJ Sloan should have recused herself, and whether ALJ Sloan erred in not discussing an alleged finding of disability by DSHS.  The Court is satisfied that the R&R adequately addressed these contentions (plaintiff's first, second, and fifth assignments of error, labeled as A, B, and F in her opening brief).  In a matter involving a different applicant for social security benefits and a different administrative law judge, but the same contentions concerning the items not contained in the administrative record and the standards for recusal, advanced by the same lawyer as in this case, the Court reached the same conclusions as Magistrate Judge Donohue, and therefore ADOPTS the

ORDER - 2

reasoning of the R&R with regard to those two issues.  See *Yost v. Colvin*, 2016 WL 2989957 (W.D. Wash. May 24, 2016).

With respect to plaintiff's alleged receipt of DSHS benefits, the R&R correctly observes that the administrative record includes no reliable evidence of either an award of benefits or a determination of disability by DSHS.  In her objections to the R&R, plaintiff cites only portions of the administrative record reflecting her self-reports about DSHS benefits, which lack credibility for the same reasons that ALJ Sloan discounted plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms.  *See* AR 25-30.  The Court ADOPTS the R&R's conclusion that ALJ Sloan did not err in failing to discuss any alleged DSHS benefits.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)   The R&R, docket no. 23, is ADOPTED;

(2)   The Commissioner's denial of plaintiff's CDB and SSI applications is AFFIRMED; and

(3)   The Clerk is DIRECTED to enter judgment consistent with this Order, to send a copy of this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 9th day of September, 2016.

Thomas S. Zilly
United States District Judge

ORDER - 3